IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE MOWRY,<br>    Plaintiff,<br><br>v.<br><br>CONNELLSVILLE AREA SCHOOL DISTRICT,<br><br>    Defendant. | CIVIL-ACTION<br><br>Docket No.: 2:23-cv-01409-CCW<br><br>JURY TRIAL OF 12 DEMANDED |

## AMENDED COMPLAINT

NOW COMES, Plaintiff, Michelle Mowry, by and through her counsel, who hereby submits this Complaint and states the following:

1. This Amended Complaint is filed as of right under Fed. R. Civ. P. 15(a)(1)(B), within 21 days after service of Defendant's motion under Rule 12(b).

## PARTIES

2. The foregoing paragraph is incorporated by reference as if set forth at length herein.

3. Plaintiff, Michelle Mowry, is an adult individual resident at 4 Shirely Lane, Melcroft, Fayette County, Pennsylvania 15462

4. Defendant, Connellsville Area School District, is a school district incorporated and organized under the laws of the Commonwealth of Pennsylvania, having as administrative mailing address 732 Rockridge Road, Connellsville, Fayette County, Pennsylvania 15425.

## GROUNDS FOR RELIEF

5. The foregoing paragraphs are incorporated by reference as if set forth at length herein.

1

6. Plaintiff is, and at all times material to this Complaint has been, a professional educator employed by Defendant.

7. During and as a result of the COVID-19 pandemic, Defendant implemented a COVID mitigation protocol. The protocol required educators to wear a face covering.

8. Plaintiff is a Christian who believes sincerely in the canon and creed of Christianity. Plaintiff believes that God is the Creator of human beings, and that the meaning of existence is part of a divine plan for God's benediction and glory.

9. Plaintiff believes as a sincere tenet of this faith that all human beings are created in the image of God's glory, that our bodies are temples to God, and therefore anything that conceals and obscures the face pollutes God's creation and makes His temple dirty and damaged. Mandatory face covering is therefore not compatible with these beliefs.

10. Plaintiff has expressed this belief through such things as communication to Defendant and her request that her belief be accommodated.

11. Plaintiff also required a medical exception to the face-covering protocol as an accommodation for her medical state, evidenced by a doctor's letter. Plaintiff suffers a respiratory condition that makes it difficult to breathe through any restriction on her nose and mouth.

12. Plaintiff submitted formal requests for religious and medical accommodation by letter to Defendant.

13. Plaintiff proposed reasonable accommodations, including but not limited to, the use of a mobile screen to separate her face from students and staff behind the screen, so that they would not be exposed to any respiratory particles.

14. Defendant summarily dismissed these requests and proposed accommodations without hearing, proceeding, or sincere evaluation.

15.     This forced Plaintiff to use paid sick days and paid personal days, as well as unpaid time off after she exhausted her paid sick days and paid personal days, while she was effectively prohibited from working as she had worked prior to the COVID protocol.

16.     During the entire COVID protocol, Plaintiff was only paid while using her sick days and personal days. For all other times, she was uncompensated.

17.     This forced Plaintiff to accept secondary employment at a lower rate of compensation and for fewer and lesser perquisites.

18.     As the COVID protocol has been withdrawn, Plaintiff returned to actively working in the classroom in the same position, under the same conditions, and with the same rate and basis of compensation and perquisites as before the protocol forced her from active and paid employment.

19.     No state, federal, or municipal law required Defendant to implement a COVID protocol as it has, refusing any reasonable accommodation for medical and/or religious needs.

20.     At all times, Defendant is a state actor, as an entity of the state and/or local government required to exist by Pennsylvania law and constitution, provided for and governed by Pennsylvania law, incorporated under Pennsylvania law, funded by government, and seen over by elected officials and subject to control by the Pennsylvania Department of Education and United States Department of Education.

21.     Plaintiff filed a complaint with the Pennsylvania Human Relations Commission. The same was ruled dismissed on a finding of no probable cause. A "right to sue" letter was issued July 27, 2022. Pursuant to 43 P.S. § 962(c)(1)-(2), these claims are timely.

## COUNT I: RELIGIOUS DISCRIMINATION (PENNSYLVANIA HUMAN RELATIONS ACT AND EQUAL PROTECTION)

22.     The foregoing paragraphs are incorporated by reference as if set forth at length herein.

23.     Based on the foregoing, Plaintiff is a member of a protected class based on her religion. Defendant knew Plaintiff is a member of that protected class.

24.     Based on the foregoing, Defendant discriminated against Plaintiff and those similarly situated by imposing as a condition of payment for employment and maintenance of employment that they violate their sincere religious beliefs, without accepting a reasonable accommodation for these beliefs.

25.     This resulted in disparate treatment based on the suspect classifications of religion and conscience, as others who do not share Plaintiff's beliefs did not suffer the same treatment.

26.     This resulted in adverse employment action.

27.     Based on the foregoing, Defendant refused any reasonable accommodation for the sincere religious beliefs of Plaintiff and those similarly situated. There was therefore no compelling state interest in disparate treatment, and disparate treatment was not narrowly tailored.

28.     This disfavored treatment of Plaintiff and those similarly situated violates the equal protection clause of the Fourteenth Amendment as applied to the states.

WHEREFORE, Plaintiff, Michelle Mowry respectfully requests judgment in her favor, for damages to be determined at trial, as well as interest, costs, and attorneys' fees, and for such other relief as this Honorable Court deems just and necessary.

## COUNT II: RETALIATION (PENNSYLVANIA HUMAN RELATIONS ACT AND EQUAL PROTECTION)

29. The foregoing paragraphs are incorporated by reference as if set forth at length herein.

30. Based on the foregoing, Defendant retaliated against Plaintiff for exercising her right to request a religious and medical accommodation, by initiating an investigation into her and questioning her need for a paid sabbatical, this investigation ending with her being placed on unpaid suspension.

31. Based on the foregoing, Defendant retaliated against Plaintiff for exercising her right to file a charge and grievance with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission, by initiating an investigation into her and questioning her need for a paid sabbatical, this investigation ending with her being placed on unpaid suspension.

32. Plaintiff submitted to Defendant a request for a paid sabbatical as a final attempt to reconcile her continuing employment with her sincere religious beliefs, as is her right.

33. On February 23, 2022, the school board elected not to consider her request for paid sabbatical but instead considered it as a request for unpaid time off. Plaintiff never received sabbatical pay.

34. On February 28, 2022, Mr. Bradley, acting for Defendant, informed Plaintiff she was being investigated for her request for a sabbatical.

35. On March 14, 2022, school security served a set of questions to Plaintiff as part of this investigation, which Plaintiff's union representative instructed her not to answer.

36. On March 28, 2022, Mr. Bradley demanded that Plaintiff appear for an interview to answer the same questions.

37. This led to a <u>Loudermill</u> hearing with Mr. Bradley on July 18, 2022.

38. Finally, based on this investigation, the school board voted to suspend Plaintiff for five days unpaid based on this investigation.

39. Defendant has been and is unable to provide any lawful reason for initiating an investigation.

40. This response to Plaintiff, and those similarly situated, based on their assertion of the right to free exercise of religion caused disparate treatment based on religious exercise.

41. The retaliation against Plaintiff for exercising her statutory rights under Pennsylvania and federal law denied her the equal protection of the law, under the Fourteenth Amendment as applied to the states.

WHEREFORE, Plaintiff, Michelle Mowry respectfully requests judgment in her favor, for damages to be determined at trial, as well as interest, costs, and attorneys' fees, and for such other relief as this Honorable Court deems just and necessary.

## COUNT III: TORTIOUS INTERFERENCE WITH CONTRACT

42. The foregoing paragraphs are incorporated by reference as if set forth at length herein.

43. Plaintiff and Defendant are parties to a valid and enforceable collective bargaining agreement.

44. Under this agreement, Plaintiff has the right to continue in employment, receiving compensation on a given basis with perquisites and other benefits of employment, unless discharged for cause following specified procedures.

45. Defendant knew of this right.

46. Defendant intentionally interfered with and impaired Plaintiff's right to continue

employment for pay, and otherwise receive the benefits due under the contract, even though not discharged for cause, by discrimination, retaliation, and refusal to accommodate.

47. This resulted in damages, in that Plaintiff was denied pay for a time and was forced into secondary employment that did not provide the same rate and basis of pay and the same perquisites of employment.

WHEREFORE, Plaintiff, Michelle Mowry respectfully requests judgment in her favor, for damages to be determined at trial, as well as interest, costs, and attorneys' fees, and for such other relief as this Honorable Court deems just and necessary.

## COUNT IV: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

48. The foregoing paragraphs are incorporated by reference as if set forth at length herein.

49. Based on the foregoing, Defendant intentionally failed to do those things necessary to allow Plaintiff to perform under the contract and to receive return performance due under the contract.

50. Based on the foregoing, Defendant intentionally undertook those acts that resulted in Plaintiff being unable to perform under the contract and to receive return performance due under the contract.

WHEREFORE, Plaintiff, Michelle Mowry respectfully requests judgment in her favor, for damages to be determined at trial, as well as interest, costs, and attorneys' fees, and for such other relief as this Honorable Court deems just and necessary.

## COUNT V: TRESPASS TO CHATTELS

51. The foregoing paragraphs are incorporated by reference as if set forth at length herein.

52. Plaintiff had a vested property interest in her accrued paid time off, paid vacation days, and paid sick time. Plaintiff had a right to receive the benefit of the possession and use of these

intangible things and stores of economic value.

53.   Defendant intentionally dispossessed her of, and intermeddled in, the benefit of this possession and use by forcing Plaintiff to consume the economic value under unfavorable terms at a time not of her choosing, when she had a right to use them at her choosing and for maximum personal value.

54.   Defendant therefore deprived Plaintiff of the full, vested economic benefit and use of these intangibles of economic value, resulting in damages.

WHEREFORE, Plaintiff, Michelle Mowry respectfully requests judgment in her favor, for damages to be determined at trial, as well as interest, costs, and attorneys' fees, and for such other relief as this Honorable Court deems just and necessary.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: October 20, 2023

By: _____
Joel A. Ready, Esq.
Attorney I.D. # 321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*